IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACQUELINE HODGE,

            Plaintiff,

vs.                                    Civil Action No.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

            Defendant.

## COMPLAINT

AND NOW, comes the Plaintiff, JACQUELINE HODGE, by and through her attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

### INTRODUCTION

### NATURE OF THIS ACTION

1.    This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Ms. Jacqueline Hodge (hereinafter Plaintiff) is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Liberty Life Assurance Company of Boston.  The Plan is governed by ERISA.  Plaintiff is a beneficiary

- 2 -

under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the timely payment of Long-Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2.      This Court has Original Jurisdiction to hear this complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3.      Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4.      The Plaintiff, Jacqueline Hodge resides at 78 Carlisle Street, Uniontown, Pennsylvania 15401.

5.      The Defendant, Liberty Life Assurance Company of Boston, is the Claims Administrator of Long Term Disability claims and is located at 175 Berkeley Street, Boston, Massachusetts 02117.

6.      Defendants administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. Ms. Hodge was employed by Dick's Sporting Goods, Inc. as a receiver between November 20, 2000 through April 11, 2012, her last day of work.

8. Ms. Hodge was unable to perform her regular occupation after April 11, 2012, due to symptoms and limitations resulting from her medical diagnoses of Severe COPD with Emphysema, Periodic Bronchitis and Asthma.

9. Ms. Hodge initiated a claim for Long Term Disability benefits under the Plan and was paid Long Term Disability benefits for a period of 2 years. The Defendant notified Ms. Hodge by letter dated September 4, 2014, that her ongoing claim for Long Term Disability benefits was being denied as they felt that she was capable of working in another capacity.

10. The definition of disability under the Plan changed effective October 10, 2014, to an "any gainful occupation" standard.

11. On February 27, 2015, the Plaintiff appealed the denial of her Long Term Disability claim.

12. By letter dated, April 23, 2015, Ms. Hodge was notified by the Defendant that they were affirming their decision to deny her ongoing claim for Long Term Disability benefits. With this denial, the Plaintiff exhausted her administrative remedies under the Policy.

13. Ms. Hodge is currently receiving Social Security Disability Insurance benefits and has been receiving these benefits in an uninterrupted fashion during all times relevant to this case.

- 4 -

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

14. Paragraphs 1 through 13 are incorporated herein as if set forth at length.

15. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

16. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of any gainful occupation due to the diagnoses and symptoms related to Severe COPD with Emphysema, Periodic Bronchitis and Asthma.

17. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

18. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4) Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   January 14, 2016